IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


DAVID EUGENE WELBY, JR.,                    Case No. 6:20-cv-00347-AA
                                            **OPINION AND ORDER**
            Plaintiff,

    vs.

SENIOR DEPUTY FAIRCHILD;
DEPUTY BRANDT; DEPUTY BOSART;
CAPTAIN TAMMY WOOD; JUDGE
DAVID DELSMAN; LISA ANN WELBY;
JENNIFER LYNN SCOTT; TIM BROWN;
KATERIE DRISKILL; DEPUTY CARL ANG;
SHERIFF JIM YON,

            Defendants.


AIKEN, District Judge:

    Plaintiff David Eugene Welby, Jr., seeks leave to proceed *in forma pauperis* ("IFP") in this action. Doc. 2. For the reasons set forth below, plaintiffs IFP Petition (doc. 2) is DENIED with leave to refile and the Complaint (doc. 1) is DIMISSED with leave to amend.

## STANDARDS

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I.  *IFP Petition*

Plaintiff's IFP petition form reports that he has $4,000 in "case, or checking or savings accounts," receives disability or workers compensation payments, and owns a home and a trucking company. Doc. 2 at 3. The form also reports that plaintiff is about $1,000 behind on mortgage payments and that his monthly expenses include mortgage payments, "trucking," and utilities. *Id*. at 4. However, the form does not report estimates for the amount of benefits plaintiff receives, the value of plaintiffs' home or trucking company, the amount for each monthly expense, or the amount of plaintiffs' remaining mortgage debt. *Id*. at 3-4. Without that information, the Court cannot make a finding find that plaintiff is unable to pay the costs of this action. And

the dollar amounts and assets that were reported in the form suggest that plaintiff could pay fees without undue hardship. Plaintiff's IFP Petition is therefore DENIED with leave to refile. Plaintiff shall have thirty (30) days in which to either pay the filing fee or submit an amended IFP petition. Plaintiff is advised that failure to either pay the filing fee or submit a completed IFP petition within the allotted time will result in entry of a judgment of dismissal. The Clerk is directed to mail Plaintiff a copy of the IFP petition form along with a copy of this order.

## II.  *Complaint*

Turning to the Complaint and its attachments, plaintiff appears to allege the following facts: Plaintiff and his wife, defendant Lisa Ann Welby, are going through a divorce. On December 10, 2019, Mrs. Welby, who is represented by counsel, defendant Tim Brown, obtained a restraining order against plaintiff "in a divorce proceeding." Compl. at 7. On February 20, 2020, the Court "removed" that restraining order and plaintiff returned home. The next day, Mrs. Welby obtained another restraining order against plaintiff in Linn County Circuit Court pursuant to ORS 107.710. Compl. at 7, Compl. Ex 1. The "sheriff dispatched with" the new restraining order, claimed that plaintiff's "firearm rights were removed by the order," and "arrested [plaintiff] for violating the order[.]" Compl. at 7. When plaintiff obtained a copy of the order after his release, he "found it to be ungranted or undenied and dated 2028." *Id*.

The Complaint does not allege separate claims for relief, but it asserts violations of 18 U.S.C. § 241 and 18 U.S.C. § 242 and violations of plaintiff's rights

under the Fourth Amendment to the United States Constitution—specifically "Illegal Arrest" and "Illegal Detainment"—and under the Second Amendment. Compl. at 5. Plaintiff seeks an order from this Court declaring the second restraining order invalid, removing his divorce proceeding from the state court system or ordering that the action "be filed by notary under private contract between parties," "void[ing] all R[estraining ]O[rders]," and "return[ing] all property." Compl. at 7. Plaintiff also seeks monetary damages against all defendants "for illegal release of mug shot, illegal taking of finger printing, and illegal activities stemming from administrative clerk (judges) order as an attorney from the bench after revocation of power of attorney[.]" *Id.*

## A.   Failure to State a Claim

First, the Complaint fails to state a claim under 18 U.S.C. §§ 241 or 242, which are criminal statutes that do not give rise to civil liability. *Allen v. Gold County Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Second, liberally construed, the Complaint appears to assert claims under 42 U.S.C. § 1983. However, the Complaint also fails to state a claim under that provision. To state a claim under § 1983, a plaintiff must allege that (1) their federal rights were violated and (2) the violation was caused by the conduct of a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). The Complaint alleges violations of plaintiff's Fourth and Second Amendment rights, which appear to be based on allegations of plaintiff's "illegal" arrest and detention and the firearms prohibition in the second restraining order. But the Complaint does

not specify which defendants were alleged to have caused those violations or how they caused the violations.

That lack of specificity is important because, to be liable under section 1983, individual defendants must be "integral participants" in the alleged violation of the plaintiff's federal rights. *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 n. 12 (9th Cir. 2007). "[I]ntegral participation does not require that each [defendant's] actions themselves rise to the level of a constitutional violation. But it does require some fundamental involvement in the conduct that allegedly caused the violation." *Id.*

For example, the Complaint suggests that someone from the Linn County Sheriff's Department arrested plaintiff on February 21, 2020, based on an asserted violation of the second restraining order. Defendants Senior Deputy Fairchild; Deputies Brant, Bosart, and Ang; and Captain Wood all appear to be employees of the Sheriff's Department. The Linn County Sheriff, Jim Yon, is also named a defendant. But the Complaint does not specify who from these defendants went to plaintiff's home that day or what role they played in his arrest and detention. Similarly, the Complaint does not explain who Jennifer Lynn Scott is or how she was involved in the alleged violations.

The deficiencies in plaintiff's section 1983 claims could be cured by amendment, so plaintiff shall have leave to amend the complaint. In amending the complaint, plaintiff should take care to specify the conduct that he alleges violated his rights and explain the role that each defendant had in that conduct. If plaintiff did not intend to pursue claims under section 1983, the amended complaint should

specify the intended cause of action and source of this Court's jurisdiction. Plaintiff should also amend the compliant to address additional deficiencies identified in the Complaint, which are discussed in the following sections.

### B.   *Judicial Immunity*

Plaintiff seeks damages from all defendants, including Judge Delsman, the Linn County Circuit Court judge who granted the second restraining order.

State court judges are entitled to absolute immunity from claims for damages based on their handling of judicial proceedings. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). The only time a judge loses absolute immunity is when he or she (1) "performs an act that is not judicial in nature" or (2) "acts in the clear absence of all jurisdiction." *Id.* Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.*

Neither exception applies here because the claims against Judge Delsman stem from his issuance of the second restraining order, which is a "judicial act" within the trial court's jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (a "judicial act" is one that "is a function normally performed by a judge" when the parties "dealt with the judge in his [or her] judicial capacity"). When assessing judicial immunity, courts construe jurisdiction "broadly." *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam). The focus is on the court's subject-matter jurisdiction over the dispute. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989). Thus, lack of jurisdiction means an absence of power to hear or determine the case.

Thus, based on the facts currently alleged in the Complaint, Judge Delsman is entitled to absolute judicial immunity.

## C.  Younger *Abstention*

From the allegations in the Complaint, it appears that plaintiff seeks federal court intervention in two pending state court proceedings – plaintiff's divorce and restraining order proceedings under Oregon's Family Abuse and Prevention Act, ORS 107.700 *et seq.* – which would likely implicate abstention concerns. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (holding that federal courts must abstain from deciding a case when the plaintiff seeks relief that would interfere with an ongoing state criminal prosecution); *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986) (noting that the Supreme Court has extended *Younger* abstention to federal cases that would interfere with state civil cases where important state interests are involved); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (abstention is appropriate when a federal case may interfere in a state family law case given "[t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family dispute because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state").

If plaintiff files an amended complaint based on the same underlying facts as those alleged in the Complaint, *Younger* abstention would likely prohibit the Court

form removing plaintiff's divorce from the state court system and would likely require the Court to stay this case until those state court proceedings have resolved.

## CONCLUSION

For the reasons stated above, plaintiff's IFP Petition (doc. 2) is DENIED with leave to refile and the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to (1) either pay the filing fee or submit an amended IFP petition and (2) file an amended complaint. Failure to do so within the allotted time will result in dismissal of this action.

IT IS SO ORDERED.

Dated this 9th day of March 2020.

Ann Aiken
United States District Judge